IN THE MATTER OF ALFRED P. D'AURIA, AN ATTORNEY AT LAW.

Argued March 4, 1975—Decided March 18, 1975.

*Mr. Robert T. Hueston* argued the cause for the Union County Ethics Committee.

*Mr. Prospero De Bona* argued the cause for respondent.

PER CURIAM. This disciplinary proceeding against respondent, a member of the bar of this State, stems from a formal inquiry by the State Commission of Investigation (hereinafter S. C. I.) into alleged abuses in workmen's compensation matters. Respondent was a Judge of the Division of Workmen's Compensation at the time. Following respondent's appearance before the S. C. I., where he refused to testify, he was suspended from the performance of his duties as a Compensation Judge by the Commissioner of Labor. Respondent then elected to file for retirement "rather than rebut the allegations made against me or to contest the temporary suspension." His application for retirement based on more than 30 years of public employment was granted.

Thereafter, the matter was referred to the Union County Ethics Committee which made a statement of charges against respondent, an answer thereto was filed, and a formal hearing had on the charges at which respondent appeared and testified briefly before he became ill and was unable to continue.

The Committee filed its Presentment, finding that the ac-, tions of respondent were unprofessional, improper and unethical, that they clearly bore the appearance of impropriety, were prejudicial to the administration of justice, reflected adversely upon his fitness to practice law and constituted a violation of DR 1–102(A) (5) and (6), DR 8–101(A) (3) and DR 9–101.

The gravamen of the Committee's factual findings was that on numerous occasions (not less than 35) during a 16-month period, respondent, while sitting as Compensation Judge, had been a luncheon guest in public restaurants of persons who were the attorneys or representatives of insurance companies in matters then pending in the Division of Workmen's Compensation. The testimony was that these persons invariably paid the luncheon bill, including respondent's share thereof. The Committee found that at no time did anyone expect or receive any favors or preferential treatment from respondent. However, as heretofore noted, it found the actions of respondent were unprofessional, improper and unethical in the manner indicated. We issued our order to show cause why respondent should not be disbarred or otherwise disciplined.

Respondent does not seriously challenge the factual findings of the Committee. Rather, the argument is made that the practice of Compensation Judges having luncheon with attorneys, doctors and insurance company representatives who appear in compensation matters was of long standing in some areas. It was conceded that, as a matter of hindsight, it was unwise for a Compensation Judge to allow his luncheon bills to be paid by persons interested in cases pending before him. However, it was insisted that it was not unethical since the evidence showed that no preferential treatment was given in return.

We cannot agree. Aside from the obvious appearance of impropriety, a Compensation Judge's acceptance of gratuities and favors from those who have business with the Division of Compensation is inherently wrong. It has a subtle, corrup-

tive effect, no matter how much a particular judge may feel that he is above improper influence. The finding of unethical conduct on respondent's part is fully supported by the record. See DR 1–102(A) (5) and (6), DR 8–101(A) (3).

We are aware of respondent's honorable service as a Deputy Attorney General. He has been admitted to the bar for more than 35 years and is without prior disciplinary involvement. His present state of health is precarious at best. In these circumstances, appropriate discipline is suspension from the practice of law for a period of six months and until the further order of this Court. So ordered.

*For suspension for six months*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

### ORDER

It is ordered that Alfred P. D'Auria of Jersey City be suspended from the practice of law for six months and until further order of the Court, effective immediately; and it is further

Ordered that Alfred P. D'Auria be and hereby is restrained and enjoined from practicing law during the period of his suspension.